IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL LEE MARTZ,<br><br>      Plaintiff,<br>v.<br><br>CAMDEN COUNTY BOARD OF CHOSEN FREEHOLDERS; SCOTT MCCRAY AND EIGHT OTHER UNKNOWN FREEHOLDERS; WARDENS TAYLOR AND OWENS OF THE CAMDEN COUNTY CORRECTIONAL FACILITY; C.C.C.F,<br><br>      Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-cv-01336(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Michael Lee Martz, Plaintiff Pro Se
4325694
C.C.C.F.
330 Federal Street
Camden, NJ 08102

**SIMANDLE, Chief District Judge:**

**I.   INTRODUCTION**

    Plaintiff Michael Lee Martz seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against Scott McCray and the other Camden County Freeholders (collectively "Freeholders"), and Camden County Correctional Facility ("CCCF") Wardens Taylor and Owens for allegedly unconstitutional conditions of confinement in CCCF. Complaint, Docket Entry 1. At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for

failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will proceed in part.

**II. BACKGROUND**

The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff alleges he endured unconstitutional conditions of confinement in CCCF during two periods of pretrial detention: July 5, 2015 to December 2015 and either January or February 2016. Complaint ¶ 6. During these times, Plaintiff was housed in a two-person cell with three other people. *Id.* ¶ 6(a). He states the cell toilet was unsanitary, and he was forced to sleep on the floor. *Id.* ¶ 6(b). He also states there was inadequate ventilation, unsanitary food and food preparation, and inadequate access to the courts "either by restricted use of legal library or understaffing of the public defender's office." *Id.* ¶ 6(d)-(f). He alleges all defendants "allowed and did nothing to stop" the unconstitutional conditions, *id.* ¶ 6, and that they "knew or should have known" about the living conditions, *id.* ¶ 4(b)-(c). He seeks relief in the form of monetary compensation. He has also filed a motion asking the

2

Court to order CCCF to provide him with 10 hours per week of unrestricted law library time. Motion for Library Time, Docket Entry 1-3 at 3.

**III. STANDARD OF REVIEW**

**A. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104‑134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915, 1915A and 42 U.S.C. § 1997e because Plaintiff is a prisoner proceeding in forma pauperis and is seeking redress from government officials about the conditions of his confinement.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*

3

*v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

4

28 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. DISCUSSION**

Plaintiff alleges he experienced unconstitutional conditions of confinement during his detention at CCCF, and the complaint could also be construed as raising a First Amendment access to the courts claim. He additionally asks the Court to order CCCF to provide him with 10 hours of law library time per week.

**A. Conditions of Pretrial Confinement**

Plaintiff alleges he experienced constitutional conditions of confinement at CCCF due to overcrowding. "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Carson v. Mulvihill*, 488 F. App'x

5

554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell*, 441 U.S. at 542). Overcrowding leading to conditions that "cause inmates to endure such genuine privations and hardship over an extended period of time" and that "become excessive in relation to the purposes assigned to them" does constitute unconstitutional punishment, however. *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (internal citations and quotation marks omitted).

The claims against CCCF must be dismissed with prejudice because it is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently stated a claim for unconstitutional conditions of confinement against CCCF wardens Owens and Taylor. Specifically, he alleges that the overcrowded conditions led to nutritionally deficient food, unsanitary toilets, and inadequate access to public defenders. Considering the totality of the

circumstances alleged by Plaintiff, the Court finds that he has sufficiently pled that he experienced unconstitutionally punitive conditions at CCCF. The claim shall therefore be permitted to proceed against the wardens in their individual capacities.[1]

Plaintiff has not pled sufficient facts regarding the personal liability of the Freeholders, however. As the governing body of Camden County, the Freeholders cannot be held liable under § 1983 based solely on the actions of other county employees. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). It is also not enough to say they "should have known" about the alleged conditions; Plaintiff must instead plead facts showing that the Freeholders are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).[2] In other words, Plaintiff must set forth

---

[1] The claims against the wardens in their official capacities are subject to the same analysis as the claims against the Freeholders, as suits against county officials in their official capacities are the same as suing the county itself, *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell*, 436 U.S. at 690 n.55 (1978)), and are dismissed without prejudice for the same reason.

[2] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d

facts supporting an inference that the Freeholders were the "moving force" behind the alleged constitutional violation. *Monell*, 436 U.S. at 689. Plaintiff does not identify an official policy of the Freeholders that caused the constitutional violation, nor does he sufficiently identify a "well-settled and permanent" course of conduct by the Freeholders causing the overcrowding. As Plaintiff may be able to plead facts that would support a claim against the Freeholders, the claims are dismissed without prejudice.

**B. Access to the Courts**

The complaint could also be reasonably construed as attempting to raise a First Amendment denial of access to the courts claim. Plaintiff alleges that he was denied access to the law library and that the public defender's office was understaffed.

"To establish a cognizable [access to the courts] claim, a prisoner must demonstrate that he has suffered an actual injury to his ability to present a claim." *Henry v. Moore*, 500 F. App'x 115, 117 (3d Cir. 2012) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Additionally, "the claim must relate to either a direct or collateral challenge to the prisoner's sentence or conditions of confinement [and] a prisoner must demonstrate that

---

Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).

no other remedy will potentially compensate for the lost claim." *Id.* (internal citations omitted).

Plaintiff alleges that the wardens' policies limit inmates to 45 minutes in the law library per week and restrict their research to the inmates' criminal cases and that the Freeholders understaffed the public defender's office. Complaint ¶ 6(f); Motion for Library Time at 2. This is insufficient to allege an access to the courts claim as Plaintiff has not identified a non-frivolous claim he has lost or alleged that the policies impacted his criminal case. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."). This is claim is dismissed without prejudice, and Plaintiff may amend this claim if he is able to allege facts that address the deficiencies noted by the Court.[3]

---

[3] In the event Plaintiff elects to move to amend his complaint under Federal Rule of Civil Procedure 15, he should note that once an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

**C. Motion for Law Library Time**

Plaintiff asks this Court to order CCCF to allow him 10 hours per week in the law library to research and prepare filings for this case. Motion for Library Time at 2-3. The motion is denied at this point in time as Plaintiff has not sufficiently alleged inadequate access to the court.

"Prisoners have a right of access to the courts, not to a law library or to legal assistance." *Mitchell v. Wydra*, 377 F. App'x 143, 144 (3d Cir. 2010). "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis*, 518 U.S. at 351. Here there is insufficient information to conclude Plaintiff does not have adequate access to the Court.

Although the jail must permit Plaintiff to have access to research relevant to this civil rights proceeding, nothing in the complaint or motion sufficiently alleges he has suffered an injury. Plaintiff states only that he has "heard" that inmates are restricted to researching their criminal cases. Motion for Library Time at 2-3. He does not indicate from whom he heard this, nor does he allege that he was personally prohibited from using the library to prepare his civil rights complaint. *Id.* As Plaintiff has successfully filed this complaint and it has

10

survived screening under 28 U.S.C. § 1915, there is no basis for the Court to conclude Plaintiff does not have adequate access to legal materials. Any injury is purely speculative. If in the course of these proceedings Plaintiff believes he is not being afforded adequate access to the library, he may move for relief at that time if he can demonstrate an actual injury.

**V.   CONCLUSION**

For the reasons stated above, the complaint shall proceed on the due process claims against wardens Owens and Taylor. The remainder of the claims are dismissed without prejudice. The motion for library time is denied without prejudice. An appropriate order follows.


**March 23, 2017**                                **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                  Chief U.S. District Judge